UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN WIERENGO,

        Plaintiff,                         Case No. 1:08-cv-00199

v.                                             Hon. Robert H. Cleland
                                             United States District Judge

AKAL SECURITY, INC.,

        Defendant.
_____/

**STIPULATED PROTECTIVE ORDER**

It is ordered that the following Stipulated Protective Order be entered and shall govern the use, dissemination and disclosure of certain records, as defined in paragraph 3 below, produced or obtained from the United States Marshals Service or from Defendant during this litigation.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

    1.    Definitions:

        (a)    "Litigation" means any discovery, pre-trial, trial, and post-trial proceedings in this action, captioned *Kathleen Wierengo v. Akal Security, Inc.,* Case No. 1:08-cv-00199, United States District Court for the Western District of Michigan.

        (b)    "Person" means an individual, corporation, partnership, association, unincorporated organization, governmental entity, quasi-governmental entity or any other entity, including, without limitation, each party to this

1

action.

 (c) "Party" or "Parties" means Plaintiff, Kathleen Wierengo, her agents and representatives; and Defendant Akal Security, Inc., including its officers, directors, shareholders, representatives, agents, employees, heirs, successors, and assigns.

2. The provisions of this Stipulated Protective Order apply to: (i) the Parties and their counsel in this litigation and (ii) any other person producing, receiving or disclosing Confidential Information in this action.

3. Any video or other visual recording at or from any federal building that may be produced by any Party or the United States Marshals Service or its agents or employees in the course of this Litigation shall be treated as confidential information ("Confidential Information") and governed by the provisions of this Stipulated Protective Order.

4. Confidential Information shall be subject to the following restrictions:

 (a) Confidential Information shall be used only for the limited purpose of preparing for and conducting this Litigation (including any appeals), and not for any other purpose whatsoever, and shall not be given, or otherwise disclosed, in any way to anyone except those specified in subparagraph 4(b) below.

 (b) Confidential Information may be disclosed only to the following persons:

  (1) The Parties;

  (2) Counsel of record for the Parties, including attorneys' paralegals, clerical, and other regular employees of their respective firms;

    (3)    Witnesses for the purposes of examining said witnesses during their deposition or at trial;

    (4)    The Court and jury;

    (5)    Court reporters and their staff hired to transcribe deposition testimony in this action;

    (6)    Expert witnesses and consultants hired by the Parties to assist in preparation of this case;

    (7)    Any mediator(s) retained by the Parties and/or appointed by the Court in this matter; and

    (8)    Third-party vendors hired for the sole purposes of reproducing the information or transferring it to an electronic format.

5. Any person receiving Confidential Information shall reveal, disclose, or discuss the information only with persons listed in Paragraph 4(b), and no Confidential Information shall be disclosed (except to the jury, the Court and its duly appointed officers) to any person under Paragraph 4(b) of this Order unless that individual has signed a Confidentiality Agreement (attached as Exhibit 1) pursuant to which the individual acknowledges having reviewed a copy of this Order and agreeing to be bound by this Order.  Each Party shall retain all signed copies of the Confidentiality Agreement and shall, upon another Party's or the Court's request, provide copies to that Party or to the Court.

6. This Order shall survive and continue to be binding after the conclusion of this Litigation, until all Confidential Information is returned or destroyed in accordance with

Paragraph 8.  The Court shall retain jurisdiction for the purpose of enforcing and/or adjudicating claims concerning any violation of this Order.

7. If any Party wishes or is required during this Litigation to file pre-trial in Court any record or information that is Confidential Information under Paragraph 4 above, prior to any such filing the Party shall notify opposing counsel and counsel for the United States Marshals Service and identify with specificity each item of Confidential Information that he/she intends to file.  Counsel for the Parties and the United States Marshals Service shall confer in a good faith effort to reach agreement regarding whether the Confidential Information may be filed.  If counsel are unable to reach agreement, the Party seeking to file the Confidential Information shall initially publicly file the pleading without the Confidential Information attached as an exhibit, but shall identify with specificity each item of Confidential Information that he/she intends to file.  Opposing counsel and the United States Marshals Service will have 7 days after notification to file an appropriate motion with the Court, requesting that such Confidential Information be redacted or filed under seal to protect the confidential nature of the information, pursuant to Local Rule 10.6 and Paragraph 3 above.  In the event that impending scheduling deadlines or the emergency nature of an issue render this procedure impossible, counsel for the Parties shall confer in good faith to resolve the issue.

8. Within thirty (30) days after the termination of this case, whether by final judicial determination or otherwise, all Confidential Information in the possession of the Parties, their counsel, any of their expert witnesses, any mediator(s), and third-party copy vendors, or any other person identified in Paragraph 4(b) above, shall be either returned to the providing counsel

or destroyed. Counsel for the parties shall certify in writing to counsel for the United States Marshals Service that all copies of all Confidential Information have been destroyed or returned.

**IT IS SO ORDERED.**

Date: 12/20/2011                                s/Robert H. Cleland
                                                Hon. Robert H. Cleland
                                                United States District Court Judge

**STIPULATED:**

Dated:  December __, 2011                       /s/ Kurt Peterson
                                                KURT PETERSON
                                                Littler Mendelson PC
                                                3344 Peachtree Road, N.E., Suite 1500
                                                Atlanta, GA 30326-4803
                                                *Counsel for Akal Security*

Dated:  December __, 2011                       /s/ Christine A. Yared
                                                CHRISTINE A. YARED
                                                2503 Mason Ridge Ct NE
                                                Grand Rapids, MI  49525
                                                (616) 363-9041
                                                *Counsel for Plaintiff*

Dated:  December __, 2011                       /s/ Richard A. Kerbawy
                                                RICHARD A. KERBAWY
                                                Wilson Lett & Kerbawy PLC
                                                2295 Sower Blvd.
                                                Okemos, MI 48864

# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN WIERENGO,

        Plaintiff,   Case No. 1:08-cv-00199

v.   Hon. Robert H. Cleland
    United States District Judge

AKAL SECURITY, INC.,

        Defendant.
_____/

## CONFIDENTIALITY AGREEMENT

I, _____, acknowledge that _____ has provided me with a copy of the Stipulated Protective Order entered in the above Litigation, that I have read the Order, and that I understand that I am bound by the terms of that Order.

Dated: _____   Signature: _____

    Print Name: _____

    Address: _____

6